■ UNION CONCRETE AND CONSTRUCTION CORPORATION, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 41739.) — Order unanimously reversed, without costs of this appeal to either party, and matter remanded to the Court of Claims for a hearing on testimony and a determination of the question of whether or not the claimant has released its claim against the State. Memorandum: The Court of Claims Judge denied the State's motion to dismiss the claim based on the State's contention that claimant had released the State from any obligation thereon. The affidavit in support of the motion quotes two passages from the construction contract, and contends that by virtue of these passages the cashing of the so-called final payment check by the claimant effectuated a release. There is nothing anywhere on the check to indicate that acceptance of the check was intended to finally settle all claims between both parties. A copy of a letter attached to the record written by the Chief Auditor of Highway Accounts to the Director, Bureau of Rights of Way & Claims, Department of Public Works, adds nothing. The affidavit of the State also contains the broad general conclusion that prior to the receipt of the check claimant was informed that it was the position of the State of New York that its over-all indebtedness to the claimant was in the sum of $14,210.14, which was the amount of the check deposited. It does not state who informed the claimant as to this, nor what the authority of the informant was. The opposing papers signed by the president of the claimant in essence indicate disputes and differences between the parties as the work progressed arising from the assertion by the claimant that there might be a claim for extra work, labor, and material. Finally, the affidavit states that a Mr. Morrison, Supervising Engineer for Contracts and Estimates, asked deponent why he had not signed a so-called final estimate, and he was told that there was a discrepancy of some $40,000 and that a claim would be filed in the Court of Claims. Morrison, it is said, then told the president of the claimant that if he signed the estimate it would be satisfactory so long as it was accompanied by a letter of protest and a statement to the effect that a claim would be filed.

Apparently such a letter was written and the claimant's president signed the estimate and cashed the check, but the letter is not before us. The allegations in the claimant's affidavit are not controverted specifically by answering affidavits. There are other controversial matters in the claimant's affidavit which it is not necessary to discuss in detail herein. The Court of Claims decided that the claimant was not precluded from pursuing its claim, relying on *Buffalo Elec. Co.* v. *State of New York* (17 A D 2d 523) and *Sheridan Drive-In* v. *State of New York* (16 A D 2d 400). On October 1, 1964, the Appellate Division's decision in the *Buffalo Elec. Co.* case was reversed by the Court of Appeals and that claim was dismissed (14 N Y 2d 453). Because of this reversal and because the affidavits submitted are not clear, complete, or adequate, the matter should be remanded to the Court of Claims for reconsideration and redetermination of the question of the effect of the so-called release. The hearing should be decided upon testimony formally submitted by the parties. We do not reach the merits of the controversy. (Appeal from order of Court of Claims denying motion to dismiss the claim.) Present — Williams, P. J., Bastow, Goldman, Henry and Noonan, JJ.